United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIEYUAN TAN,<br>Plaintiff,<br>v.<br>GEICO GENERAL INSURANCE COMPANY,<br>Defendant. | Case No. 26-cv-08522-TSH<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**<br><br>Re: Dkt. No. 13 |

## I. INTRODUCTION

Plaintiff Jieyuan Tan, proceeding *pro se*, brings this insurance action against Defendant Geico General Insurance Company ("Geico") for claims arising from Geico's conduct regarding a motor vehicle collision involving Tan. ECF No. 2-1. Pending before the Court is Geico's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 13 ("Mot."). The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and **VACATES** the October 1, 2026, hearing. For the reasons stated below, the Court **GRANTS** the motion.[1]

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 10, 12.

## II. BACKGROUND

### A. Factual Background

Tan, a California resident, has an automobile insurance policy issued by Geico. Compl. ¶¶ 1–2 (ECF No. 2-1 at 8). Geico is a Nebraska corporation with a principal place of business in Maryland. Not. of Removal ¶ 22 (ECF No. 1).

Tan alleges the following in the Complaint. Tan was involved in a motor vehicle collision on January 11, 2026. Compl. ¶ 16. At that time, Tan had an automobile insurance policy issued by Geico that provided "liability-related coverage and contractual claim-handling authority." *Id.* ¶¶ 8, 10. Tan "paid premiums and substantially performed obligations required under the policy." *Id.* ¶ 9.

Following the collision, Geico investigated liability related to the collision and determined that Tan was 100% at fault for the collision. *Id.* ¶¶ 17–18. Tan disputed Geico's liability determination. *Id.* ¶ 19. Tan informed Geico "that its investigation, factual conclusions, liability analysis, evidentiary review, and/or claim handling were inaccurate, incomplete, unsupported, unreasonable, defective, and/or unfair." *Id.* ¶ 20. Geico "failed to reasonably evaluate contrary evidence, disputed factual matters, accident circumstances, physical damage evidence, witness issues, roadway conditions, and [Tan's] objections." *Id.* ¶ 21. Ultimately, Geico accepted liability and issued payment relating to the opposing vehicle claim. *Id.* ¶ 14.

Geico exercised its contractual authority to handle claims under the policy in "an unreasonable, incomplete, defective, unsupported, arbitrary, and/or inadequate manner." *Id.* ¶¶ 11–12. Specifically, Geico "maintained disputed liability conclusions despite [Tan's] objections, requests for reconsideration, and challenges to the adequacy of the investigation and evidentiary evaluation." *Id.* ¶ 26. Collectively, Geico's improper conduct in handling Tan's collision breached the implied covenant of good faith and fair dealing because Geico "was required to exercise contractual authority honestly, fairly, reasonably, and in good faith." *Id.* ¶¶ 25, 48–50.

Geico breached the parties' insurance contract by "unreasonable investigation, failure to evaluate material contrary evidence, defective evidentiary analysis, inadequate claim administration, and maintenance of disputed and allegedly unsupported liability conclusions." *Id.*

United States District Court
Northern District of California

¶ 44.

Geico's disputed claim handling and liability conduct caused Tan "emotional distress, anxiety, psychological strain, and alleged non-economic harm associated with [his] post-collision condition." *Id.* ¶ 27. Tan also suffered damages, including $300,000 from Geico's contractual breaches. *Id.* ¶¶ 28, 45. Tan seeks judicial determination regarding, *inter alia*, whether Geico conducted a reasonable and adequate liability investigation. *Id.* ¶ 36.

**B. Procedural Background**

On June 8, 2026, Tan filed this action in the San Francisco County Superior Court, Case No. CGC-26-637628. ECF No. 2-1 at 8 ("Compl."). Tan alleges three causes of action: (1) Declaratory Relief; (2) Breach of Contract; and (3) Breach of Implied Covenant of Good Faith and Fair Dealing. Compl. ¶¶ 32–52. Tan seeks, *inter alia*, a declaratory judgment and compensatory damages. *Id.* at 6–7. On August 17, 2026, Geico removed the action to the Northern District of California. ECF No. 1 ("Not. of Removal"). Geico alleges the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Not. of Removal ¶ 5.

On August 24, 2026, Geico filed its instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 13 ("Mot."). On August 25, 2026, Tan filed an Opposition. ECF No. 14 ("Opp."). On September 14, 2026, Geico filed a Reply. ECF No. 17 ("Reply"). On September 16, 2026, Tan filed a Motion for Leave to File Supplemental Statement. ECF No. 18.

## III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (cleaned up). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must therefore provide a

defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (citation omitted).

In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *accord Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up). A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Courts have broader discretion in denying motions for leave to amend after leave to amend has already been granted. *See Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) ("[W]hen the district court has already afforded a plaintiff an opportunity to amend the complaint, it has wide discretion in granting or refusing leave to amend after the first amendment, and only upon gross abuse will its rulings be disturbed.") (cleaned up); *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad.") (cleaned up).

## IV. DISCUSSION

Geico moves to dismiss all Tan's claims for failing to state a cognizable claim.[2] Mot. at 2.

---

[2] Geico further moves to dismiss Tan's request for punitive damages because the "allegations simply do not rise to the level of despicable conduct required to properly support a prayer for

In sum, the Court concludes that Tan fails to allege a cognizable claim for declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing. Therefore, dismissal of Claims 1, 2, and 3 is warranted.

**A. Declaratory Relief Claim (Claim 1)**

Geico argues that Tan's declaratory relief claim fails because it is duplicative of his other claims and cannot provide a separate basis for further relief. Mot. at 17:6–18:7. Tan contends that if "the substantive claims remain, there is a live policy-based controversy." Opp. at 5:24–6:7.

Under the Declaratory Judgment Act, a federal district court may declare the rights and other legal relations of any interested party seeking such declaration. *Argonaut Ins. Co. v. St. Francis Med. Ctr.*, 17 F.4th 1276, 1280 (9th Cir. 2021).

Here, the Court concludes that Tan fails to allege a cognizable claim for declaratory relief. Tan alleges that a controversy between the parties exists regarding Geico's alleged improper conduct in handling Tan's collision. Compl. ¶ 36. But as discussed below, Tan does not sufficiently allege facts showing that Geico's actions were contrary to the parties' insurance contract.

Accordingly, the Court **GRANTS** Geico's Motion to Dismiss Claim 1.

**B. Breach Of Contract Claim (Claim 2)**

Geico argues that Tan's breach of contract claim fails because Tan does not (1) specify the provisions of the insurance policy that Geico breached; (2) plead a breach by Geico; and (3) plead damages resulting from a breach of contract. Mot. at 13:19–15:3. Tan contends that (1) Geico's payment of a third-party claim does not mean that it complied with all contractual obligations; and (2) he "can amend to attach or quote the operative policy language and plead its legal effect with greater precision." Opp. at 4:2–5:7.

---

punitive damages." Mot. at 8–9. Geico states that in "the Civil Cover Sheet attached to the Complaint, [Tan] checks a box stating that he seeks to recover punitive damages." *Id.* at 11. However, in his prayer for relief in the Complaint, Tan does not request punitive damages; nor does Tan discuss punitive damages anywhere in the Complaint. *See generally* Compl. Moreover, Tan states that his Complaint "does not expressly contain a punitive-or-exemplary-damages prayer." Opp. at 6. As such, the Court does not construe Tan's Complaint as seeking punitive damages. Therefore, the Court need not address Geico's arguments regarding whether Tan alleges sufficient facts to support a request for punitive damages.

To prevail on a breach of contract claim under California law, a plaintiff must prove "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). "Implicit in the element of damage is that the defendant's breach *caused* the plaintiff's damage." *Troyk v. Farmers Grp., Inc.*, 171 Cal. App. 4th 1305, 1352 (2009) (emphasis in original). Whether a party breached a contract is a question of fact. *Locke v. Warner Bros.*, 57 Cal. App. 4th 354, 365 (1997).

Here, the Court concludes that Tan fails to allege a cognizable claim for breach of contract. Tan alleges that certain actions by Geico breached the parties' insurance contract. Compl. ¶ 44. But Tan does not identify a contract obligation that Geico failed to perform; nor does Tan allege how Geico's actions demonstrate nonperformance under the contract. As such, Tan fails to sufficiently allege that Geico breached the parties' contract by nonperformance. *See Hewlett-Packard Co. v. Oracle Corp.*, 65 Cal. App. 5th 506, 549 (2021) ("Nonperformance typically refers to an unjustified or unexcused failure to perform a material contractual obligation when performance is due."). Because Tan does not plausibly allege Geico's breach, Tan fails to plausibly plead a claim for breach of contract.

Accordingly, the Court **GRANTS** Geico's Motion to Dismiss Claim 2.

### C. Breach Of Implied Covenant Of Good Faith And Fair Dealing Claim (Claim 3)

Geico argues that Tan's implied covenant claim fails because (1) there is no breach of contract; and (2) even if a breach occurred, Tan cannot show any unreasonable delay or withholding of benefits owed. Mot. at 15:4–17:5. Tan contends that (1) the claim concerns Geico's "exercise of liability claim-handling and settlement authority under a policy issued to [Tan], rather than a conventional allegation that Geico denied [Tan] payment on a first-party property claim"; and (2) he can "amend to identify the specific policy provision, the corresponding contractual benefit or protection, and how Geico's alleged conduct deprived [Tan] of that benefit." Opp. at 5:8–23.

Under California law, "[t]he covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other

party's right to receive the *benefits of the agreement actually made.*" *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 349 (2000) (emphasis in original). "Just what conduct will meet this criteria must be determined on a case by case basis and will depend on the contractual purposes and reasonably justified expectations of the parties." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990). Whether the implied covenant has been breached is a question of fact. *Hicks v. E.T. Legg & Assocs.*, 89 Cal. App. 4th 496, 509 (2001).

To prevail on an implied covenant claim, a plaintiff must show: "(1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantially all of the things that the contract required him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff." *Chou v. Charles Schwab & Co.*, No. 21-cv-06189-LB, 2022 WL 1127384, at *6 (N.D. Cal. Mar. 22, 2022).

The implied covenant "applies equally to insurance policies, which are a category of contracts." *Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 400 (2000). Further, "an insurer's breach of the implied covenant will provide the basis for an action in tort." *Id.* at 400 (cleaned up).

Here, the Court concludes that Tan fails to allege a cognizable claim for breach of the implied covenant of good faith and fair dealing. As a threshold issue, Geico is incorrect that Tan's claim fails if he "cannot state a claim for breach of contract." Mot. at 15:20–24. "[B]reach of a specific provision of the contract is not necessary to a claim for breach of the implied covenant of good faith and fair dealing." *Thrifty Payless, Inc. v. The Americana at Brand, LLC*, 218 Cal. App. 4th 1230, 1244 (2013) (cleaned up). However, Geico is correct that Tan must allege facts showing that Geico's conduct interfered with his right to receive benefits under the parties' insurance contract. This Tan fails to do. While Tan alleges specific actions by Geico that breached the implied covenant, he does not allege the deprivation of specific contractual benefits stemming from Geico's actions. Compl. ¶¶ 11–12, 25, 48–50. Tan thus does not plausibly allege an implied covenant claim.

Accordingly, the Court **GRANTS** Geico's Motion to Dismiss Claim 3.

### D. Leave To Amend

Geico argues that the Court should deny Tan leave to amend because he "has alleged claim payment," so "no amendment can establish a breach of contract or breach of the implied covenant. Nor can any amendment support a cause of action for declaratory relief[.]" Mot. at 9:3–12. Tan contends that amendment is not futile because "a more carefully pleaded complaint could address the specific defects asserted in Geico's Motion." Opp. at 6:25–7:9.

The Court cannot say that leave to amend would be futile. Geico argues that "[w]hen benefits are paid, and where there are no allegations of additional unpaid benefits, there can be no allegations of a contract breach." Reply at 3:19–20. But Geico cites no authority for its proposition that an insured can only sue an insurer for breach of contract for unpaid claims. *See* Opp. at 4:14–26 ("Geico's payment of a third-party claim does not resolve every alleged contract issue."). Similarly, Geico points to no legal support for its proposition that Tan cannot bring an implied covenant claim because Geico paid the collision claim. Reply at 5:7–18. Further, Geico complains that Tan should have responded to its efforts to meet and confer if he knew how he could amend and should have included his plan for amendment in his Opposition. *Id.* at 7:9–16. But these are not requirements for leave to amend. Therefore, given Tan's *pro se* status, and because it is not clear that the deficiencies of the Complaint could not be cured by amendment, the Court **GRANTS** Tan the opportunity to file an amended complaint.[3] Tan may file an amended complaint by October 22, 2026.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Geico's Motion to Dismiss. Tan may file an amended complaint by October 22, 2026.

### A. REQUIREMENTS FOR AMENDED COMPLAINT

Because an amended complaint replaces the previous complaint, it may not incorporate claims or allegations in the original complaint by reference. *Ferdik v. Bonzelet*, 963 F.2d 1258,

[3] Because the Court grants Tan leave to amend, the Court **DENIES** as moot Tan's Motion for Leave to File Supplemental Statement (ECF No. 18).

United States District Court
Northern District of California

1262 (9th Cir. 1992). Instead, any amendment must include all of the facts and claims to be presented and all of the defendants that are to be sued. In addition, any amended complaint must include the following sections:

> **Caption Page**
> On the first page, list the names of the defendant(s), the case number used in this order (26-cv-8522-TSH), the title ("FIRST AMENDED COMPLAINT"), and write "Demand for Jury Trial" if you want your case to be heard by a jury.
>
> **Form of Pleadings**
> The factual allegations and claims must be written in numbered paragraphs, each limited as far as practicable to a single set of circumstances.
>
> **Subject Matter Jurisdiction**
> The first numbered paragraph in your complaint (labeled "Jurisdiction") should explain why this Court has the power to decide this kind of case. A federal court can hear a case based on a federal question jurisdiction (a violation of federal law under 28 U.S.C. § 1331) or diversity jurisdiction (when all plaintiffs and all defendants are citizens of different states disputing more than $75,000) under 28 U.S.C. § 1332.
>
> **Parties**
> In separate paragraphs for each party, identify the plaintiff(s) and defendant(s) in the case.
>
> **Statement of Facts**
> Explain the important facts in your case in numbered paragraphs, describing how the defendant(s) violated the law and how you have been injured.
>
> **Claims**
> Include a separate heading for each legal claim (Claim 1, Claim 2, etc.), identifying the specific law that you think the defendant(s) violated and explaining in numbered paragraphs what each defendant did to violate each law.

## B. RESOURCES

Tan may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Tan may also wish to obtain a copy of this District's *Handbook for Litigants Without a*

United States District Court
Northern District of California

*Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: September 25, 2026

THOMAS S. HIXSON
United States Magistrate Judge