United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JIEYUAN TAN,

Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

Defendant.

Case No. 26-cv-08522-TSH

**ORDER GRANTING MOTION TO EXTEND TIME AND DISCHARGING SHOW CAUSE ORDER**

Re: Dkt. No. 24

Plaintiff Jieyuan Tan, who is self-represented, brings this insurance action against Geico General Insurance Company ("Geico") for claims arising from Geico's conduct regarding a motor vehicle collision involving Tan. ECF No. 2-1. On September 25, 2026, the Court granted Geico's motion to dismiss all Tan's claims and gave Tan leave to file an amended complaint by October 22, 2026. ECF No. 22. Because Tan did not file an amended complaint by the deadline, the Court issued a show cause order directing Tan to respond by November 10, 2026. ECF No. 23.

On November 2, 2026, Tan filed a response to the show cause order stating that he inadvertently missed the deadline to file an amended complaint due to his memory and cognitive difficulties and that he intends to continue prosecuting his claims against Geico. ECF No. 25. Tan also filed a motion to extend time to file his amended complaint to November 4, 2026. ECF No. 24. On November 2, 2026, Tan filed a First Amended Complaint ("FAC"). ECF No. 26. On November 6, 2026, Geico filed an opposition to Tan's motion to extend time requesting the Court deny the motion and strike the untimely FAC. ECF No. 27.

The Court finds that good cause exists to extend the time for Tan to file an amended complaint based on Tan's failure to act due to excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B); Civ. L.R. 6-3(d). A delay of less than two weeks does not prejudice Geico or impact the case in a

United States District Court
Northern District of California

meaningful way, and there is no indication Tan's delay was in bad faith. *See Kettle Range Conservation Grp. v. U.S. Forest Serv.*, 8 F. App'x 729, 732 (9th Cir. 2001) ("A district court must consider all the circumstances in deciding whether to excuse a party's neglect, notably the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.") (cleaned up). Moreover, contrary to Geico's assertion, the Court need not evaluate the merits of Tan's FAC to rule on his motion to extend time. ECF No. 27. Tan did not file a motion for leave to amend—the Court already granted him such leave. *See id.* at 3 (discussing standard for evaluating motion for leave to amend).

Accordingly, the Court **GRANTS** Tan's motion to extend time to file an amended complaint and **DISCHARGES** the show cause order at ECF No. 23. The Court treats Tan's FAC at ECF No. 26 as the operative complaint. Geico shall file a response to the FAC within fourteen days of this order.

In addition, the Court finds it premature to hold a case management conference before the pleadings are settled. Therefore, the Court **VACATES** the case management conference on November 19, 2026.

**IT IS SO ORDERED.**

Dated: November 9, 2026

THOMAS S. HIXSON
United States Magistrate Judge